UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FREEDOM MORTGAGE CORPORATION,

                Plaintiff,                8:22-cv-01200 (AMN/PJE)

v.

KARA WETHINGTON, *as Heir to the Estate of Jeffrey B Marshall, Jeffrey B Marshall's unknown heirs-at-law, next-of-kin, distributees, executors, administrators, trustees, devisees, legatees, assignees, lienors, creditors, and successors in interest and generally all persons having or claiming under, by or through said defendant who may be deceased, by purchase, inheritance, lien or otherwise, any right, title or interest in the real property described in the complaint herein*, and DISCOVER BANK,

                Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**FRENKEL, LAMBERT, WEISS, WEISMAN**        **ROBERT S. TREMAROLI, ESQ.**
**& GORDON LLP**                             **TODD FALASCO, ESQ.**
53 Gibson Street
Bay Shore, New York 11706
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On November 15, 2022, Plaintiff Freedom Mortgage Corporation ("Plaintiff") commenced this diversity action under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301-1391, against Jeffrey B. Marshall and Discover Bank, seeking to foreclose on a mortgage encumbering the property located at 2130 State Route 37, Fort Covington, New York 12937 (the "Subject Property"). *See* Dkt. No. 1. Presently before the Court is Plaintiff's second

1

motion for a default judgment of foreclosure and sale under Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 29 (the "Motion").

For the reasons set forth below, Plaintiff's Motion is denied, and the Complaint is dismissed without prejudice and with leave to amend.

**II.    BACKGROUND**

   **A. The Parties**

Plaintiff is a mortgage company incorporated under the laws of the State of New Jersey with a principal place of business at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, New Jersey 08054. *See* Dkt. No. 1 at ¶ 2. Plaintiff alleges it "is the owner and holder of the subject Note and Mortgage or that it has been delegated the authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage." *See id.*

Jeffrey B. Marshall was a resident of the State of New York and was the borrower of the loan, mortgagor under the mortgage, and owner of the Subject Property. *Id.* at ¶ 3, Ex. B. Discover Bank is a banking institution with an address in Ohio. *Id.* Discover Bank is a Party to this action because Plaintiff claims it is a judgment creditor. *Id.* Plaintiff alleges that "all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage, or has been paid or equitably subordinated to plaintiff's mortgage, or been duly subordinated thereto." *Id.* at ¶ 3.

   **B. Plaintiff's Allegations**

On or about March 5, 2018, a mortgage was executed by Marshall and "delivered to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Royal United Mortgage, LLC," to secure a principal sum of $108,000.00 for the Subject Property. *See* Dkt. No. 1 at ¶ 7. On the same day, Marshall also executed and delivered a promissory note to Royal United

Mortgage, LLC, whereby he promised to pay $108,000.00, plus interest on the unpaid amount due. *See id.* at ¶ 6, Ex. C (copy of the note). The mortgage was recorded on April 17, 2018 in the Office of the Clerk of the County of Franklin as Instrument No. 2018-1779 and the recording tax was duly paid. *See id.* at ¶ 7, Ex. D (copy of the mortgage). Four years later, an assignment of the mortgage from Mortgage Electronic Registration Systems, Inc. to Plaintiff was executed and recorded on June 9, 2022 as Instrument No. 2022-3081. *See id.* at ¶ 8, Ex. E (copy of the assignment).

Plaintiff alleges that Marshall "failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on March 01, 2020 and subsequent payments." *Id.* at ¶ 9. Plaintiff also claims that it "has complied with the notice provisions of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306" and that the "Mortgage was originated in compliance with al[l] provisions of Section 595-a of the New York Bank Law and any rules or regulations promulgated thereunder, and, if applicable, Section 6-1 or 6-m of the Banking Law." *Id.* at ¶ 12.[1]

### C. Substitution of Jeffrey B. Marshall

Plaintiff originally filed a motion for default judgment against Marshall and Discover Bank on February 21, 2024. *See* Dkt. No. 18. However, on March 10, 2024, Plaintiff informed the Court that Jeffrey B. Marshall had passed away on February 13, 2024, and accordingly sought to withdraw the February 21, 2024 default judgment motion. *See* Dkt. No. 21. On April 5, 2024, the

---

[1] RPAPL § 1304 requires that at least ninety days before commencing a foreclosure action, Plaintiff must send notice "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." RPAPL § 1304(1)-(2). RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three business days of the mailing of the [section 1304 notice]." RPAPL § 1306(1).

3

undersigned granted Plaintiff's request to withdraw the original default judgment motion and directed Plaintiff to file a motion for substitution pursuant to Fed. R. Civ. P. 25 or risk "judgment in Defendants' favor." Dkt. No. 22. On June 10, 2024, Plaintiff made a motion seeking to substitute Kara Wethington, Marshall's daughter, as Heir to the Estate of Jeffrey B. Marshall and the unknown heirs and distributes of Jeffrey B. Marshall and to appoint Laurie L. Paro, Esq. as guardian *ad litem* for the unknown heirs and distributees of Jeffery B. Marshall. *See* Dkt. No. 23. United States Magistrate Judge Christian F. Hummel granted Plaintiff's substitution motion on December 16, 2024. *See* Dkt. No. 25.

### D. The Motion

Plaintiff filed the instant motion on February 19, 2025, requesting that the Court "(1) [g]rant Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. []55; (2) grant the Plaintiff a judgment of foreclosure and sale pursuant to RPAPL § 1351 and § 1354; (3) appoint a referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611; and (4) for such other relief as this Court deems just and proper." Dkt. No. 29-2 at 7. According to Plaintiff, the amount due and owing on the mortgage as of February 15, 2025 is $143,201.25. *See* Dkt. No. 29-3 at ¶ 14. Plaintiff also seeks costs in the amount of $1,464.10 and attorneys' fees in the amount of $5,650.00. *See id.* at ¶ 15; Dkt. No. 29-14 (cost breakdown); Dkt. No. 29-15 (fee breakdown).

To date, Defendants Wethington and Discover Bank have neither appeared in this action nor responded to any filing. *See generally* Docket Sheet.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. Rule 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe,* 05-CV-7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to

'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quoting Fed. R. Civ. P. 55(a)).[2]  "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required to present its application for entry of judgment to the court." *Id.*  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).[3]

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

The decision to grant a motion for a default judgment is within "the sound discretion of the district court." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted).  "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) ("*Wilmington*") (citing *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*,

---

[2] *See also* Northern District of New York Local Rule ("Local Rule") 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").

[3] *See also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

5

946 F.3d 120, 135 (2d Cir. 2019)).  However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-CV-1193, 2020 WL 5229374, at *2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

## IV. DISCUSSION

The Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  "Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims."  *Centra Developers Ltd. v. Jewish Press Inc.*, No. 16-CV-6737, 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010); *and Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)).

In this case, Plaintiff alleges that the Court has subject matter jurisdiction based on diversity of citizenship.  *See* Dkt. No. 1 at ¶ 4.  A federal district court has subject matter jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  "The statute requires 'complete diversity,' which means that no plaintiff may be a citizen of the same state as any defendant." *Wilmington*, 712 F. Supp. 3d at 331 (citing *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020)).

For several reasons, the Court finds that Plaintiff has failed to satisfy its burden in establishing that the Court has subject matter jurisdiction over this action.

6

First, while the Complaint states that Plaintiff is incorporated in New Jersey with a principal place of business in New Jersey, *see* Dkt. No. 1 at ¶ 2, the Motion is devoid of allegations pertaining to the citizenship of the substituted Defendant Kara Wethington. *See generally* Dkt. No. 29. In contrast to "legal representatives" such as executors or administrators, Defendant Wethington, sued only in her capacity as an heir to Marshall's estate, is not "deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); 13F Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3640 (3d ed. 2008) ("[§ 1332(c)(2)] imputes the decedent's citizenship to the *executor or administrator* who is the actual party to the litigation.") (emphasis added).[4] Accordingly, it is Defendant Wethington's, not Marshall's, domicile that is dispositive as to whether the Court can exercise diversity jurisdiction. *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53-54 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal citation marks and citation omitted)) ("An individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile."). While some documents annexed to the Motion indicate that Defendant Wethington has an address located in Chapel Hill, Tennessee, it is well-established that, since individuals may have more than one residence at a time, "[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trs. of Testamentary Tr. of Will of*

---

[4] Indeed, in explaining a proposed amendment to § 1332(c)(2), the American Law Institute ("A.L.I.") Study indicated that

> [the phrase "any person representing the estate of a decedent"] does not include a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (*e.g.*, a widow or child of the decedent); such a person retains such right of access to a federal court as his own citizenship gives him . . . there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment.

*Tank v. Christopher*, 160 F.3d 597, 600-601 (10th Cir. 1998) (quoting A.L.I., *Study of the Division of Jurisdiction Between State and Federal Courts*, Official Draft, § 1301(b)(4), at 118 (1969)).

*Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47-49, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989)), *aff'd*, 406 Fed. Appx. 507 (2d Cir. 2010); *see also Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("Domicile is the place where a person has [her] true and fixed home and principal establishment, and to which, whenever [s]he is absent [s]he has the intention of returning.").[5] The Complaint, Motion, and corresponding exhibits fail to set forth allegations or evidence regarding Defendant Wethington's domicile.

Likewise, Plaintiff fails to provide allegations or evidence sufficient for the Court to determine the "citizenship" of Defendant Discover Bank. The Complaint indicates only that Discover Bank's "State of Citizenship for purposes of diversification" is Ohio, and that Discover Bank is a judgment creditor. *See* Dkt. No. 1, Ex. B. Plaintiff does not state, for example, whether Discover Bank is being sued in its capacity as a corporation and, if it is, where Discover Bank is incorporated or has a principal place of business. *See* 28 U.S.C. § 1332(c)(1). Or, to the extent Plaintiff is asserting that Discover Bank is a national bank, Plaintiff does not set forth where its "main office is located." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Plaintiff, "bears the burden of showing a factual basis for jurisdiction by a preponderance of the evidence." *Astra Oil Trading NV v. PRSI Trading Co.*, No. 08-CIV-10467, 2009 WL 928672, at *2 (S.D.N.Y. Apr. 6, 2009) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). And courts typically "should not rely on self-serving declarations in evaluating where a party was domiciled for the purposes of diversity jurisdiction." *Shcherbakovskiy v. Seitz*, No. 03-CV-1220, 2010 WL 1063566, at *3 (S.D.N.Y. Mar. 23, 2010).

---

[5] Moreover, the Affidavit of Due Diligence submitted alongside Plaintiff's Motion indicates that Defendant Kara Wethington's Tennessee address was "listed as current through December 2023," six months prior to her substitution as a Defendant in this matter. *See* Dkt. No. 29-18 at 2.

With only the scant information before it, the Court is unable to make a citizenship determination with respect to Defendant Discover Bank.

Based on the foregoing, the Court is unable to ascertain whether it can exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As a result, Plaintiff's Motion for default judgment is denied and the Complaint must be dismissed. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Because the Court addressed the issue *sua sponte*, however, the Complaint is dismissed without prejudice and with leave to amend to cure the defects described herein. *See, e.g.*, *Minard v. Pareto Partners*, No. 04-Civ.-741, 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) ("The Court having raised *sua sponte* the question discussed in this Memorandum, it is fair to allow plaintiff, if so advised, to attempt to demonstrate that the parties are completely diverse.").[6]

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's second motion for default judgment, Dkt. No. 29, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**, and the Court further

**ORDERS** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Memorandum-Decision and Order; and the Court further

---

[6] The Court also notes that the instant Motion failed to include a Clerk's Certificate of Entry of Default, as required by Local Rule 55.1, against substituted Defendant Kara Wethington. Any subsequent motions for default judgment must be accompanied by such a Certificate. *See* Local Rule 55.2(b); Fed. R. Civ. P. 55(a).

9

**ORDERS** that if Plaintiff fails to file its amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 4, 2025
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge